UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK LEE CARDELLO-SMITH ON
BEHALF OF SEAN JOHN COMBS,
A/K/A PUFF DADDY, A/A/A BROTHER
LOVE,

                         Petitioner,

                 -against-

DIRECTOR, METROPOLITAN
DETENTION CENTER, BROOKLYN,
NEW YORK, PERSON HAVING
CUSTODY OF ,

                         Respondent.

25-CV-3498 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, currently incarcerated at Ionia Bellamy Creek Correctional Facility in Ionia, Michigan, paid the fee to bring this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241, on behalf of Sean Combs. The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).

**DISCUSSION**

A petition for a writ of *habeas corpus* may be brought either "by the person for whose relief it is intended or by someone acting in his [or her] behalf." 28 U.S.C. § 2242. When the petition is brought by a person other than the one seeking relief, the "next friend" must demonstrate that he has standing to act on the person's behalf. "First a 'next friend' must provide an adequate explanation − such as inaccessibility, mental incompetence, or other disability − why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations omitted). "The burden is on the 'next friend' to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Petitioner's submission does not set forth any reason why resorting to the "next friend" device is necessary. He fails to show that he has a significant relationship with Combs and is "truly dedicated to [his] best interests," *Whitmore*, 95 U.S. at 163, and he provides no explanation as to why he seeks to act on Combs' behalf. He does not plead any facts showing that Combs is disabled, incompetent, or otherwise unable to proceed on his own behalf, and he thus lacks standing to bring a Section 2241 petition on Combs' behalf. *See, e.g.*, *Ross ex rel. Dunham v. Lantz*, 408 F.3d 121, 123 (2d Cir. 2005) (holding that sister of prisoner could not assert "next friend" status where prisoner was not disabled or incompetent, and she made no showing that he could not act on his own behalf). The Court thus denies the petition without prejudice.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 15, 2025
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge